IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 1 5 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

WILLIAM T. DIVANE, JR., et
al., AS THE ELECTRICAL
INSURANCE TRUSTEES,

    Plaintiffs,

v.

5 STAR CONSTRUCTION, INC.,

    Defendant.

Case No. 00 C 4554

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Plaintiffs William T. Divane, Jr., Michael J. Caddigan, I. Steven Diamond, Samuel Evans, Michael Fitzgerald, Thomas C. Halperin, David A. Hardt, Daniel Meyer, Richard Sipple and Michael R. Walsdorf, as the Electrical Insurance Trustees (hereinafter, "Plaintiffs"), filed a Motion for Rule to Show Cause seeking to hold Yuri Starodubsky (hereinafter, "Starodubksy") in contempt of the Court's November 8, 2001 Injunction Order (the "Injunction"). Before the Court is Starodubsky's FED. R. CIV. P. 12(c) Motion for Judgment on the Pleadings, in which he requests that the Court deny the Rule to Show Cause and hold the Injunction invalid pursuant to FED. R. CIV. P. 65(d).

### I. DISCUSSION

A motion for judgment on the pleadings only should be granted when it appears that the plaintiff will be unable to prove any facts to support the claim for relief. *See Forseth v. Village of*

*Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Rule 12(c) is not the proper avenue to seek a declaration that an injunction is invalid. Further, in response to the Rule 12(c) Motion, Plaintiffs have presented material outside the scope of the pleadings, such as citations to the November 2001 trial before this Court. Starodubksy argues that this is improper under Rule 12(c). The Rule provides, however, that when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." The Court therefore converts this motion to summary judgment motion.

Summary judgment is only appropriate if there is no genuine issue of any material fact. Here, the crux of Starodubsky's argument is that the Injunction is unenforceable because it does not strictly comply with the requirements of Rule 65(d). Specifically, the Injunction prohibits work within the scope of the Principal Agreement (a separate document) rather than spelling out the conduct prohibited within its text.

Plaintiffs respond that the Injunction is enforceable even without strict compliance with Rule 65(d) because the claimed violation was technical, not substantial, and Starodubsky had actual knowledge of and understood the conduct being prohibited by the Injunction. Plaintiffs suggest that Starodubsky's knowledge is clear from his presence, testimony, and representation by counsel at the trial, which formed the basis for the Injunction.

Starodubsky constructively disputes that he had knowledge of what actually was prohibited by the Injunction. For example, Starodubsky argues, "Can work be subcontracted? Can work be performed on certain structures such as a residence . . . Is the injunction limited in terms of location . . . ? Can light fixtures . . . The questions raised by the lack of specificity of the November 8th Order are nearly endless." (Reply Br. at 13).

Here, the Court issued the Injunction after several status hearings and a trial on the merits. The text of the Injunction explains that it was issued because 5 Star failed to furnish a fringe-benefit bond in connection with the Principal Agreement between it, the Electric Contractors' Association of Chicago, and the Local Union No. 143. The Injunction prohibits "5 STAR CONSTRUCTION INC. . . . from engaging in work within the scope of work clause of the Principal Agreement. . . ."

The Seventh Circuit suggests that an injunction can be enforceable if the enjoined party understood exactly what conduct was being prohibited at the time it was issued. *See, e.g., Chathas v. Local 134 Intl. Brotherhood of Electric Workers*, 233 F.3d 508, 513 (7th Cir. 2000)("When the terms of an injunction, although not set forth in a separate document as the rule requires, can be inferred from the documentary record with sufficient clarity to enable a violation of those terms to be punished as a contempt, the injunction is enforceable."); *Advent Electronics Inc. v.*

*Buckman*, 112 F.3d 267, 273 (7th Cir. 1997)(upholding injunction where parties were "obviously aware of the terms of the injunction and to find that there was no injunction would exact form over substance"). There is a disputed material fact as to Starodubsky's knowledge and awareness of the conduct prohibited by the Injunction. Accordingly, summary judgment is inappropriate.

## II. CONCLUSION

For the reasons stated herein, Defendant Yuri Starodubsky's Motion for Judgment on the Pleadings under FED. R. CIV. P. 12(c) is denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　United States District Court

Dated: June 15, 2005